IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1763 (MN) |
| | ) | |
| DET. JORDEN MILLER, DET. | ) | |
| BUMGARNER, LT. RICHARDSON, | ) | |
| DET. SCOTT HURD, OFFICER PETER | ) | |
| MARTINEK, PROBATION OFFICER | ) | |
| RICK PORTER, PROBATION OFFICER | ) | |
| STAGG, SGT. HUMPHREY, OFFICER | ) | |
| HANNON, OFFICER PEER, OFFICER | ) | |
| SCHMIDTH, CPL. WISNIEWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

James A. Wilson – Pro Se Plaintiff

Michael F. McTaggart, Department of Justice, State of Delaware, Wilmington, DE – Attorney for Defendant Probation Officer Stagg

October 17, 2018
Wilmington, Delaware



NOREIKA, U.S. DISTRICT JUDGE:

Plaintiff James A. Wilson ("Plaintiff" or "Wilson") filed this action, *pro se*, against defendants, Probation Officer Stagg, Probation Officer Rick Porter, and several officers from the Dover Police Department – Detective Jorden Miller, Detective Bumgarner, Lieutenant Richardson, Detective Scott Hurd, Officer Peter Martinek, Sergeant Humphrey, Officer Hannon, Officer Peer, Officer Schmidth, and Cpl. Wisniewski, alleging violations of his civil rights and violations of the federal and state constitutions.[1] (D.I. 1). Pending before the Court is a motion for summary judgment (D.I. 49) filed by defendant, Probation Officer Stagg ("Stagg"). For the reasons discussed below, the Court will grant the motion for summary judgment.

## I. FACTUAL BACKGROUND

Plaintiff has informed the Court that he "is not going to respond" to Stagg's motion for summary judgment. (D.I. 55 at 2). The Court, however, must still evaluate whether Stagg's motion for summary judgment has been properly made and supported. *See Miller v. Ashcroft*, 76 Fed. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). To that end, the Court has reviewed the facts alleged in the Complaint as well as relevant evidence offered by Stagg, including portions of the transcript of Wilson's criminal trial, the declaration of Daniel Stagg and portions of the deposition testimony of James Wilson. (D.I. 51).

---

[1] Plaintiff alleges that Defendants violated his "1, 14, 7, 5, 6, and 8th amendment[]" rights and "violated the law official employee code of conduct handbook, including state and federal law of the state of Delaware Title 11, including state and federal constitution of Delaware."

Plaintiff's Complaint is based on his interaction with members of the Delaware State Police and the Delaware Department of Corrections on April 4, 2013. (D.I. 1). Specifically, Plaintiff alleges (D.I. 1):

> [O]n 04-04-13 officer Peter Martinek pulled his unmarked patrol car in front of plaintiff blocking him so that he could not move on his own free will. Probation officer Rick Porter jumped out of the unmarked car with gun drawn in the direction of plaintiff pointing the gun at plaintiff face causing plaintiff to fear for his LIFE which caused plaintiff to pull off hit a building and a truck with passengers in it.
>
> Plaintiff got out of the laid down in a surrendering posture when an officer ran up on plaintiff and hit him in the head with a blunt instrument causing plaintiff to go in and out of consciousness as plaintiff was already suffering from injuries shouting you are lucky that it is day time and that people are out here.
>
> The unlawful actions of the officer who hit plaintiff in the head after plaintiff laid down on the ground in a surrender position amounts to excessive force, assault in the 2nd degree and conspiracy with the other officers whom witness the crime by their non acts failure to file charges on the officer whom assaulted plaintiff nor did the other officers arrest the officer whom struck plaintiff in his head after he surrendered by laying on the ground.
>
> Officers fail to file reports and arrest the officer for assaulting plaintiff, therefore, their non acts was in agreement with the officer whom assaulted plaintiff . . ..
>
> Plaintiff states that he was never taken to the hospital for his injuries that he sustained from the car accident and from the police officer or probation officer, law official who hit him in his head despite the fact that plaintiff requested medical attention.
>
> Plaintiff states that officers . . . non actions Miller, Bumgarner, Hannon, Peer, Schmidth, Wisniewski amount to conspiracy . . ..

There is no mention of Stagg in the Complaint. At his deposition, Plaintiff testified he included Stagg in the case (1) based on what was in the police report, which he believed showed that Stagg was a witness to verify that an accident happened and (2) for failure to get him medical treatment. (D.I. 51 at A-71).

At the criminal trial, Defendant Detective Bumgarner testified that the Dover Police were executing a search warrant at a business named Many Things, located at 239 Loockerman Street,

3

Dover, Delaware. (D.I. 51 at A-16). Wilson was the subject of the search warrant at that business. (D.I. 51 at A-16, 20). While the police were executing the search warrant, they observed Wilson on the street near the outside of the business. (D.I. 51 at A-17). Detective Bumgarner called for a police unit to stop Mr. Wilson. (D.I. 51 at A-20). A black vehicle occupied by Dover Police Officer Martinek and Probation Officer Porter responded to the call. (D.I. 51 at A-20). Wilson then got into his car. (D.I. 51 at A-21). He backed back up, spun around, and traveled southbound on New Street. (D.I. 51 at A-21, 31). Wilson ultimately ran a red light and collided with another vehicle when he entered the intersection at North Street. (D.I. 51 at A-22, 25, 31).

Stagg had been at the site of the search warrant on Loockerman Street at the time plaintiff drove away from that location. (D.I. 51 at A-67-68). There is no evidence that he saw Plaintiff's collision or Plaintiff being taken into custody. The evidence suggests that Plaintiff was already in handcuffs and in the custody of the Dover Police Department when Stagg arrived at the scene of the accident. (A-68).

## II. LEGAL STANDARDS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable factual inferences must be made in a light most favorable to the nonmoving party. *Id.* at 255; *Patrick v. Moorman*, 536 F. App'x 255, 257 (3d Cir. 2013) (citing *Kopec v. Tate,* 361 F.3d 772, 775 (3d Cir. 2004)); *Thomas v. Cumberland County,* 749 F.3d 217, 222 (3d Cir. 2014) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n,* 475 F.3d 524, 535 (3d Cir. 2007)). The nonmoving party, however,

bears the burden to establish the existence of each element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In doing so, the non-moving party must present specific evidence from which a reasonable fact finder could conclude in his favor. *Anderson*, 477 U.S. at 248; *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Summary judgment should be granted if no reasonable trier of fact could find for the non-moving party. *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989).

A plaintiff's failure to respond to a motion for summary judgment "is not alone a sufficient basis for the entry of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the Court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 Fed. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the Court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.*, Civil No. 12-2122, 2014 WL 3783878, *2 (D.N.J. July 31, 2014) (quoting *Muskett v. Certegy Check Svcs., Inc.*, No. 08-3975, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

### III. DISCUSSION

#### A. Excessive Force

Under 42 U.S.C. § 1983, the use of excessive force to effect an arrest violates a suspect's Fourth Amendment rights. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). However, "[n]ot every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). The "reasonableness of a particular use of force must be judged from the

perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[2] *Graham*, 490 U.S. at 396-97; *Patrick*, 536 Fed. App'x at 258 (citing *Kopec*, 361 F.3d at 776-77). "Reasonableness" thus looks to whether the officers' actions are "objectively reasonable" considering the facts and circumstances confronting them, without regard to their underlying intent and motivation. *Graham*, 490 U.S. at 397.

Here, viewing the totality of the circumstances in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the record demonstrates that Stagg did not have any physical contact of any sort with the Plaintiff.[3] There are no allegations and no evidence of any force, let alone excessive force, used by Stagg on Plaintiff.[4] The evidence shows that Stagg did not see Plaintiff's collision, and he was not present when Plaintiff was taken into custody after the car crash. (D.I. 51 at A-68). By the time Stagg arrived at the scene of the car collision, Plaintiff was already placed in handcuffs and was in the custody of the Dover Police Department. (*Id.*).

---

[2] A police officer's intentions and motivations – good or bad – are irrelevant. *Graham*, 490 U.S. at 397.

[3] The totality of the circumstances inquiry set forth in *Graham* identified specific factors for courts to consider in evaluating the reasonableness of an officer's actions, including (1) "the severity of the crime," (2) the "immediate threat" posed by the suspect to officers or others, and (3) whether the suspect was "actively resisting arrest" or "evad[ing] arrest by flight." *Graham*, 490 U.S. at 396. The Third Circuit has expanded this list to include (1) whether the suspect is "violent or dangerous," (2) the "duration" of the force, (3) whether the force was used to make an arrest, (4) the "possibility" that the suspect is armed, and (5) the number of people with whom the police must contend. *Patrick*, 536 Fed. App'x at 258 (quoting *Sharrar* 128 F.3d at 822); *Couden v. Duffy*, 446 F.3d 483, 497 (3d Cir. 2006) (also quoting *Sharrar*, 128 F.3d at 822). This test seems to presume some physical contact between the Plaintiff and the Defendant. Here there is no allegation of any contact or force.

[4] At his deposition, Plaintiff testified that he included Stagg as a "witness" to verify information. (D.I. 51 at A-71). Under *Rode v. Dellarciprete*, 845 F.2d 1195, 2017 (3d Cir. 1988), a state official cannot be liable for a civil rights violation as a potential witness and plaintiff's claim should fail as a matter of law.

6

He had no further involvement in the matter. (*Id.*). There is no basis for an excessive force claim against Stagg.

B. **Failure to Intervene/Obtain Medical Treatment**

Plaintiff's claims of failure to intervene and failure to obtain medical treatment are also deficient. To prevail on a claim for failure to intervene, Plaintiff must establish that an individual officer had a realistic and reasonable opportunity to intervene and take reasonable steps to protect a victim from another officer's use of excessive force. *Smith v. Messinger*, 293 F.3d 641, 650 (3d Cir. 2002); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981); *Byrd v. Brishke*, 486 F.2d 6, 11 (7th Cir. 1972)). Here, the only evidence is that Stagg was not present at the time of the car accident and did not observe the collision or the subsequent police action when Plaintiff was placed into custody. (D.I. 51 at A-67-68). Stagg did not arrive until after plaintiff had already been handcuffed outside of his vehicle. (*Id.* at A-68). On this record, there is no basis to find that Stagg had any realistic opportunity to intervene and this claim fails as a matter of law.

So too does Plaintiff's assertion of failure to obtain medical care. Failure to obtain medical care violates a detainee's Eighth Amendment rights if it rises to a deliberate indifference to serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). While the Eighth Amendment does not apply where there has been no formal adjudication of guilt, courts apply the same "deliberate indifference" analysis under the due process protections of the Fourteenth Amendment. *King v. Cty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008). An official is deliberately indifferent if he knows that a person faces a substantial risk of serious harm and does not take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). While intentionally delaying or denying access to medical care can be a manifestation of deliberate indifference, a delay does not

7

constitute an Eighth Amendment violation if there is no harm. *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993); *see also Brooks v. Kyler,* 204 F.3d 102, 105 n.4 (3d Cir. 2000).

Here, in his Complaint, Plaintiff states that he was "never taken to the hospital for his injuries that he sustained from the car accident and from the police officer or probation officer, law official who hit him in his head despite the fact that plaintiff requested medical attention." (D.I. 1). There is no allegation (or evidence) that Plaintiff asked Stagg for medical attention or that Stagg knew that Plaintiff needed medical attention. Indeed, the evidence is to the contrary – the medical records attached to Plaintiff's Complaint suggest that Plaintiff did not seek medical care for a week after the April 4, 2013 incident. (D.I. 2). On this record, Plaintiff's claim of failure to provide medical care cannot succeed and Stagg is entitled to summary judgment.

## IV. CONCLUSION

For the forgoing reasons, Stagg's Motion for Summary Judgment (D.I. 49) is granted. An appropriate order will follow.