IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES A. WILSON, )
)
        Plaintiff, )
)
v. )
)
DET. JORDEN MILLER, DET. ) C.A. No. 13-1763 (MN)
BUMGARNER, LT. RICHARDSON, )
DET. SCOTT HURD, OFFICER PETER )
MARTINEK, PROBATION OFFICER )
RICK PORTER, PROBATION OFFICER )
STAGG, SGT. HUMPHREY, OFFICER )
HANNON, OFFICER PEER, OFFICER )
SCHMIDTH, CPL. WISNIEWSKI, )
)
        Defendants. )

## MEMORANDUM OPINION

James A. Wilson – Pro Se Plaintiff

Daniel A. Griffith, Kaan Ekiner, Whiteford Taylor & Preston LLP, Wilmington, DE – Attorneys for Defendants Det. Jordan Miller, Det. Bumgarner, Lt. Richardson, Det. Scott Hurd, Officer Peter Martinek, Sgt. Humphrey, Officer Hannon, Officer Peer, Officer Schmidth, and Cpl. Wisniewski

November 5, 2018
Wilmington, Delaware

/s/ Maryellen Noreika
NOREIKA, U.S. DISTRICT JUDGE:

Plaintiff James A. Wilson ("Plaintiff" or "Mr. Wilson") filed this action, *pro se*, against defendants: officers from the Dover Police Department – Detective Jorden Miller, Detective Bumgarner, Lieutenant Richardson, Detective Scott Hurd, Officer Peter Martinek, Sergeant Humphrey, Officer Hannon, Officer Peer, Officer Schmidth, and Cpl. Wisniewski (collectively the "Dover Defendants"), Probation Officer Daniel Stagg ("Stagg"), and Probation Officer Rick Porter ("Porter"), alleging violations of his civil rights and violations of the federal and state constitutions.[1] (D.I. 1). Pending before the court is a motion for summary judgment (D.I. 52) filed by the Dover Defendants. For the reasons discussed below, the Court will grant the motion for summary judgment.

## I. FACTUAL BACKGROUND

The Court has reviewed the facts alleged in the Complaint as well as relevant evidence offered by Dover Defendants[2] and Plaintiff.[3] Plaintiff's Complaint is based on his interaction with the Dover Defendants, Stagg and Porter while police were executing a search warrant at a business

---

[1] Plaintiff alleges that Defendants violated his "1, 14, 7, 5, 6, and 8th amendment[]" rights and "violated the law official employee code of conduct handbook, including state and federal law of the state of Delaware Title 11, including state and federal constitution of Delaware." (D.I. 1 at 1).

[2] The Dover Defendants submitted Appendices containing portions of the docket and transcript of Mr. Wilson's criminal trial, portions of the deposition testimony of James Wilson, the City of Dover Internal Affairs Investigation Report, a Crime Report dated April 3, 2013, and the City of Dover Police Department Procedures Notice 1.3(5). (D.I. 53-1; D.I. 62-1).

[3] Plaintiff submitted an affidavit with the portions of the Investigation Report and the Internal Affairs Investigation Report, the City of Dover Police Department Procedures Notice 1.3(5), and the City of Dover Police Department General Order 72. (D.I. 58).

1

named Many Things located on Loockerman Street in Dover, Delaware. (D.I. 1; D.I. 53-1 at A-40, 47). Specifically, Plaintiff alleges (D.I. 1):

> [O]n 04-04-13 officer Peter Martinek pulled his unmarked patrol car in front of plaintiff blocking him so that he could not move on his own free will. Probation officer Rick Porter jumped out of the unmarked car with gun drawn in the direction of plaintiff pointing the gun at plaintiff face causing plaintiff to fear for his LIFE which caused plaintiff to pull off hit a building and a truck with passengers in it.
>
> Plaintiff got out of the laid down in a surrendering posture when an officer ran up on plaintiff and hit him in the head with a blunt instrument causing plaintiff to go in and out of consciousness as plaintiff was already suffering from injuries shouting you are lucky that it is day time and that people are out here.
>
> The unlawful actions of the officer who hit plaintiff in the head after plaintiff laid down on the ground in a surrender position amounts to excessive force, assault in the 2nd degree and conspiracy with the other officers whom witness the crime by their non acts failure to file charges on the officer whom assaulted plaintiff nor did the other officers arrest the officer whom struck plaintiff in his head after he surrendered by laying on the ground.
>
> Officers fail to file reports and arrest the officer for assaulting plaintiff, therefore, their non acts was in agreement with the officer whom assaulted plaintiff . . . .
>
> Plaintiff states that he was never taken to the hospital for his injuries that he sustained from the car accident and from the police officer or probation officer, law official who hit him in his head despite the fact that plaintiff requested medical attention.
>
> Plaintiff states that officers . . . non actions Miller, Bumgarner, Hannon, Peer, Schmidth, Wisniewski amount to conspiracy ....

Mr. Wilson was the subject of the search warrant. (D.I. 53-1 at A-40, 47). While the police were executing the search warrant, they observed Mr. Wilson on the street near the business. (D.I. 53-1 at A-40, 47). Detective Bumgarner called for a police unit to stop Mr. Wilson. (D.I. 53-1 at A-40). A black vehicle occupied by Dover Police Officer Martinek and Porter responded to the call. (D.I. 53-1 at A-40-41). Mr. Wilson then got into his car and fled. (D.I. 53-1 at A-41). Mr. Wilson ultimately ran a red light and collided with another vehicle, a white Chevrolet pick-up truck, when he entered the intersection at North Street. (D.I. 53-1 at A-18-19, 42). The driver of

2

the pick-up truck suffered a laceration to the head. (D.I. 53-1 at A-019). The passenger of the pick-up truck suffered a bruised knee, head contusion, and neck pain. (*Id.*).

After the collision, Mr. Wilson fled on foot from the officers. (D.I. 53-1 at A-19). It was Porter who ultimately apprehended and took Mr. Wilson into custody. (D.I. 53-1 at A-047; A-034-36). While being apprehended, Plaintiff alleges that he was hit over the head and kicked. (D.I. 1 at 1; D.I. 58 at 1-2). A security video shows Porter "kicking in the direction of Mr. Wilson." (D.I. 53-1 at A-047).[4] Consistent with that, at his deposition, Plaintiff confirmed his belief that Porter struck him, and that he could not say that any other officer had hit him.[5] (D.I. 53-1 at A-34-35, 38). Similarly, in the affidavit filed in opposition to the motion for summary judgment, Plaintiff does not assert that any of the Dover Defendants struck him. (D.I. 58).

Mr. Wilson was charged with Assault, Second Degree; Possession of a Deadly Weapon During the Commission of a Felony; Disregarding a Police Officer's Signal; Assault, Third Degree; Resisting Arrest; Leaving the Scene of a Personal Injury Accident; Leaving the Scene of a Property Damage Accident; Criminal Mischief; Driving on the Wrong Side of Roadway; Failure to Stop at a Red Light; Unreasonable Speed; and Failure to Yield Right of Way. (D.I. 53-1 at A-007-11).

After Mr. Wilson's arrest and pursuant to his citizen's complaint, the City of Dover undertook an internal affairs investigation and issued its findings on May 28, 2013 (the "Investigation"). (D.I. 53-1 at A-43-50). The Investigation confirmed that it was Porter who took Mr. Wilson into custody and that Officer Martinek assisted Porter in handcuffing Mr. Wilson.

---

[4] The security video is referenced in the submissions by both Plaintiff and the Dover Defendants, but the video itself was not submitted to the Court in connection with the pending motion.

[5] Mr. Wilson testified that Officer Martinek could have hit him, but he offered no evidence to support that conjecture. (D.I. 53-1 at 69).

3

(D.I. 53-1 at A-47). The result of the Investigation were findings that the Dover Defendants' conduct: (1) comported with the City of Dover's policies, rules, and regulations; and (2) evidenced that they were not involved in the use of force related to Mr. Wilson's arrest. (D.I. 53-1 at A-049-53).

On March 9, 2016, following a two-day jury trial (during which Mr. Wilson asserted that he fled the officers in an act of self-defense), the jury convicted Mr. Wilson of Assault, Second Degree; Disregarding a Police Officer's Signal; Driving on the Wrong Side of Roadway; Failure to Stop at a Red Light; and Unreasonable Speed. (D.I. 53-1 at A-012).

## II. **LEGAL STANDARDS**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable factual inferences must be made in a light most favorable to the nonmoving party. *Id.* at 255; *Patrick v. Moorman*, 536 F. App'x 255, 257 (3d Cir. 2013) (citing *Kopec v. Tate,* 361 F.3d 772, 775 (3d Cir. 2004)); *Thomas v. Cumberland County,* 749 F.3d 217, 222 (3d Cir. 2014) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n,* 475 F.3d 524, 535 (3d Cir. 2007)). The nonmoving party, however, bears the burden to establish the existence of each element of his case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In doing so, the non-moving party must present specific evidence from which a reasonable fact finder could conclude in his favor. *Anderson,* 477 U.S. at 248; *Jones v. United Parcel Serv.,* 214 F.3d 402, 407 (3d Cir. 2000). Summary judgment should be granted if

no reasonable trier of fact could find for the non-moving party. *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989).

### III. <u>DISCUSSION</u>

#### A. **Excessive Force**

Under 42 U.S.C. § 1983, the use of excessive force to effect an arrest violates a suspect's Fourth Amendment rights. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). However, "[n]ot every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* at 396 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). The "reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396-97; *Patrick*, 536 Fed. App'x at 258 (citing *Kopec*, 361 F.3d at 776-77). "Reasonableness" thus looks to whether the officers' actions are "objectively reasonable" considering the facts and circumstances confronting them, without regard to their underlying intent and motivation. *Graham*, 490 U.S. at 397.

The totality of the circumstances inquiry set forth in *Graham* identified specific factors for courts to consider in evaluating the reasonableness of an officer's actions, including (1) "the severity of the crime," (2) the "immediate threat" posed by the suspect to officers or others, and (3) whether the suspect was "actively resisting arrest" or "evad[ing] arrest by flight." *Graham*, 490 U.S. at 396. The Third Circuit has expanded this list to include (1) whether the suspect is "violent or dangerous," (2) the "duration" of the force, (3) whether the force was used to make an arrest, (4) the "possibility" that the suspect is armed, and (5) the number of people with whom the police must contend. *Patrick*, 536 Fed. App'x at 258 (quoting *Sharrar* 128 F.3d at 822); *Couden v. Duffy*, 446 F.3d 483, 497 (3d Cir. 2006) (also quoting *Sharrar*, 128 F.3d at 822).

5

For a civil rights complaint to be adequate, it must state the conduct, time, place, and persons responsible. *Evancho v. Fisher*, 423 Fed 3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir.1980)). Here there are no allegations of any force, let alone excessive force, used by the Dover Defendants on Mr. Wilson. And Mr. Wilson has acknowledged that he cannot identify any officer who struck him other than Porter, who was, at the relevant time, an employee of the State of Delaware, not the City of Dover. (D.I. 53-1 at A-047-48; A-034-36).[6] Nor does the video recording referenced by the parties apparently show anyone other than Porter kicking at Plaintiff. Thus, viewing the totality of the circumstances in the light most favorable to Plaintiff, there are no genuine issues of fact to support an excessive force claim against any of the Dover Defendants, and the Dover Defendants are entitled to summary judgment with respect to that claim.

B.   **Failure to Intervene**

"[A] police officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force, even if the excessive force is employed by a superior." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id.* at 651. To prevail on a claim for failure to intervene, Plaintiff must establish that an individual officer had a realistic and reasonable

---

[6]   In connection with an interview on April 24, 2013, Mr. Wilson "stated at [that] time he believe[d] Jordan Miller hit him in his head." (D.I. 53-1 at A-45). Mr. Wilson did not repeat that assertion during his deposition. Moreover, the undisputed evidence of record shows that Officer Miller "was at Schutte Park at the time of the apprehension and did not contact Mr. Wilson until several hours later when he was about to process him." (D.I. 53-1 at A-045, A-047). Additionally, although in his affidavit opposing the motion for summary judgment Mr. Wilson notes that he was transported to the police station by Detective Toto and Officer Peer and that Officer Martinek assisted Porter in handcuffing him, he does not allege that any of these police officers used excessive force in performing those tasks.

opportunity to intervene and take reasonable steps to protect a victim from another officer's use of excessive force. *Id.* at 650-51. Here, Plaintiff alleges generally that unspecified officers' "failure to file charges on the officer whom assaulted plaintiff," failure to "arrest the officer whom struck plaintiff in his head after he surrendered by laying on the ground" and failure "to file reports and arrest the officer for assaulting plaintiff" show their failure to intervene. (D.I. 1 at 1; D.I. 53-1; *also* D.I. 58 at 1-2). The only specific Dover Defendant named in connection with failing to intervene, however, is Officer Martinek, who Plaintiff alleges "failed to stop Officer Porter from assaulting plaintiff" and stood by and did "nothing" and did not "write a report concerning the incident." (D.I. 58 at 1-2).

Here, Plaintiff has not asserted any facts or evidence establishing that any of the Dover Defendants had a realistic and reasonable opportunity to intervene. Other than with respect to Officer Martinek, there are no assertions that any of the Dover Defendants were able to act and failed to do so. With respect to Officer Martinek, Plaintiff notes that the "video shows Officer Porter hitting plaintiff and kicking plaintiff while Officer Martinek stood by" but Plaintiff has not submitted the video or other evidence establishing that Officer Martinek had an opportunity to intervene. Nor does Plaintiff address the undisputed evidence that Officer Martinek "fell when exiting his vehicle and by the time he contacted Mr. Wilson, PO Porter was on top of him attempting to apply the handcuffs." (D.I. 53-1 at A-046-47).

In the absence of evidence that any of the Dover Defendants had a realistic and reasonable opportunity to intervene to stop Porter, the Dover Defendants are entitled to summary judgment with respect to that claim.

C.  **Failure to Obtain Medical Treatment**

Failure to obtain medical care violates a detainee's Eighth Amendment rights if it rises to a deliberate indifference to serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). While the Eighth Amendment does not apply where there has been no formal adjudication of guilt, courts apply the same "deliberate indifference" analysis under the due process protections of the Fourteenth Amendment. *King v. Cty. of Gloucester,* 302 F. App'x 92, 96 (3d Cir. 2008). An official is deliberately indifferent if he knows that a person faces a substantial risk of serious harm and does not take reasonable steps to avoid the harm. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). While intentionally delaying or denying access to medical care can be a manifestation of deliberate indifference, a delay does not constitute an Eighth Amendment violation if there is no harm. *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993); *see also Brooks v. Kyler,* 204 F.3d 102, 105 n.4 (3d Cir. 2000).

Here, in his Complaint, Plaintiff states that he was "never taken to the hospital for his injuries that he sustained from the car accident and from the police officer or probation officer, law official who hit him in his head despite the fact that plaintiff requested medical attention." (D.I. 1). There is no allegation that Plaintiff asked any particular person for medical attention. In his opposition to the motion for summary judgment, Plaintiff asserts that he was processed by Detective Miller who stated, "plaintiff complained of his shoulder being injured and wanted to receive medical treatment." (D.I. 58 at 1). The uncontroverted evidence cited in support of that assertion, however, shows that although "Mr. Wilson complained of his shoulder being injured" he stated he wanted to go to his arraignment before he received medical treatment. (D.I. 58 at A-047; D.I. 53-1 at A-047). On this record, Plaintiff's claim of failure to provide medical care cannot succeed and the Dover Defendants are entitled to summary judgment.

## IV. <u>CONCLUSION</u>

For the forgoing reasons, the Dover Defendants Motion for Summary Judgment (D.I. 52) is granted. An appropriate order will follow.